UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CASTRO, on behalf of himself and others similarly situated,

Plaintiff,

*– against –*

KARENA FOODS INC. d/b/a MUGHLAI INDIAN CUISINE, KDEM EATS INC. d/b/a MUGHLAI INDIAN CUISINE, GARY TULSIANI, and MAHENDER TULSIANI,

Defendants.

**ORDER & OPINION**

24 Civ. 1893 (ER)

RAMOS, D.J.:

Lucio Castro brought this action against Karena Foods Inc. d/b/a Mughlai Indian Cuisine, KDEM Eats Inc. d/b/a Mughlai Indian Cuisine, Gary Tulsiani, and Mahender Tulsiani (collectively, the "Defendants") on March 13, 2024. Doc. 1. He alleged violations of the Fair Labor Standards Act ("FLSA") and various provisions of the New York Labor Law ("NYLL"). *Id.* ¶¶ 1–2. Castro alleged that the Defendants failed to pay him the minimum wage, an overtime premium, and a "spread of hours" premium for hours he was required to work, and that he is entitled to unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, misappropriated tips, liquidated and statutory damages, prejudgment and post-judgment interest, and attorneys' fees and costs. *Id.* ¶ 1–2. Before the Court is the parties' motion for approval of their settlement agreement. Doc. 43. For the reasons set forth below, the motion for settlement approval is GRANTED.

## I. LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides a total recovery of $15,000.00. Doc. 43 at 3. Pursuant to the agreement, Castro's counsel will receive $4,592.87 in fees and $1,220.00 in costs, for a total of $5,812.88. *Id.* at 4. After attorneys' fees and costs, Castro will receive $9,187.12 in one payment. Doc. 43-1 at 2.

Castro estimates that his maximum recovery would be approximately $201,000. Doc. 43 at 2. Specifically, he estimates that he is entitled to recover $95,500 in unpaid minimum, overtime, and "spread of hours" wages, and an additional $105,500 in statutory damages. *See id.*

In the instant case, the proposed amount is fair and reasonable. *See Aly v. Dr. Pepper Snapple Group., Inc.*, No. 18 Civ. 4230 (FB) (LB), 2019 WL 3388947, at *2 (E.D.N.Y. June 13, 2019) (finding that settlement awarding FLSA plaintiffs 20% of maximum recovery was reasonable given "potential obstacles to any recovery"), *report and recommendation adopted*, 2019 WL 3388925 (E.D.N.Y. July 26, 2019); *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). The settlement will provide value insofar as it allows Castro to receive payment without the risks and delays inherent in litigation. *See Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022).

Furthermore, the parties' joint letter notes that there were contested disputes that went to the heart of Castro's claims. Defendants argued that Plaintiff worked "a fluctuating work shift" that encompassed fewer days and hours than Plaintiff alleged. *See* Doc. 43 at 3. Defendants also maintained that they have no liability for unpaid wages, as throughout his employment, Castro was paid $15 per hour plus all tips. *Id.*

The parties' joint letter notes Castro's "legitimate concern about the collectability of an unsatisfied judgment against the [D]efendants" given prior litigation and judgments against them, and that further litigation would cost Defendants additional resources. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.,* No. 19 Civ. 1229 (ER), 2019

WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the above-mentioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Castro. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a reasonable compromise of disputed issues). The settlement resulted from arm's length negotiations in which the parties were represented by experienced attorneys in the area of wage and hour litigation. Doc. 43-1 at 1–2.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

**B. Attorneys' Fees & Costs**

The Court concludes that the proposed attorneys' fees and costs are reasonable. Castro's counsel will receive $4,592.87 in attorneys' fees, which is 33.33% of the settlement minus the costs. Doc. 43 at 3–4. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State Street Bank & Trust Company*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Castro's counsel has submitted billing records for one attorney in this case: Giustino "Justin" Cilenti, a partner at Cilenti & Cooper, PLLC, who bills at a rate of $400 per hour. *See* Doc. 44-1 at 1. Castro's counsel has submitted billing records for one paralegal in this case: Marcela Cardoso at Cilenti & Cooper, PLLC, who bills at a rate of $100 per hour. *See id.*

As to Cilenti, the Court finds that the hourly rate of $400 for attorney services is reasonable. *See Redzepagic v. Hammer*, 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving named partner's billing rate of $500.00 per hour); *see also Bin Gao v. Jian Song Shi*, No. 18 Civ. 2708 (ARR) (LB), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v.* approved hourly rates of $300 to $450 for partners). Cilenti's hourly rate is commensurate with other similarly experienced partners in the field.

As to Cardoso, the Court concludes that the rate of $100 per hour for paralegal services is reasonable. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alteration in original) (citation omitted).

Castro's counsel, Cilenti, seeks a total of $5,812.88 in attorneys' fees and costs, $4,592.87 of which represent attorneys' fees. Doc. 43 at 4. The records submitted by Cilenti show that he and Cardoso spent 52.7 hours on the case, resulting in a total lodestar of $16,370.00. Doc. 44-1 at 12. The lodestar of $16,370.00, compared to the requested $4,592.87 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately .28. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.28 and determines that $5,812.88 in attorneys' fees and costs is reasonable under the circumstances.

**C. Other Provisions**

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 43-1; *see also Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Castro's obligations

under the agreement, the release appropriately grants "full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action," but explicitly "does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims." Doc. 43-1 at 3; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the Defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality provision. *See generally* Doc. 43-1.

## III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 43, and close the case.

It is SO ORDERED.

Dated: July 31, 2026
New York, New York

EDGARDO RAMOS, U.S.D.J.